## Booth, Appellant, *v.* Keystone Spinning Mills Company.

*Negligence—Master and servant—Spinning machine—Dangerous wire—Proximate cause—Issue not raised by pleadings—Judgment for defendant n. o. v.*

In an action of trespass to recover damages for the loss of plaintiff's eye, it appeared that plaintiff, an expert spinner, was assisting the boss spinner under the direction of a machinist in repairing a spinning machine; that the machinist gave orders to cut a wire which interfered with the work, and that plaintiff was directed by the boss spinner to grab the wire, but before he could do so, the boss spinner cut it, and that one of the ends flew up, and struck plaintiff's eye, inflicting the injuries complained of. The plaintiff's contention that the wire was dangerous for use in spinning was not supported by evidence. No issue involving the negligence of the boss spinner was raised in the pleadings or at the trial. The jury found a verdict for plaintiff. The court in banc subsequently entered judgment for defendant n. o. v. *Held,* the act of defendant in providing a wire, was not the proximate cause of the injury, and the judgment was affirmed.

Argued Jan. 16, 1914. Appeal, No. 203, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., June T., 1911, No. 888, for defendant, n. o v. in case of Samuel Booth v. Keystone Spinning Mills Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAAKE, J.

· The facts appear in the opinion of the Supreme Court and the following excerpt from the opinion of the court below sur defendant's motion for judgment n. o. v. ·

"The undisputed evidence discloses that the negligence

of the boss spinner was the natural, primary and proximate cause of the injury to plaintiff, but no issue involving this question was raised by the pleadings, or at the trial, nor was the question of contributory negligence on the part of the defendant determined."

Verdict for plaintiff for $5,000. The court subsequently entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned,* was the judgment of the court.

*Harry S. Ambler, Jr.,* with him *Walter P. Bishop* and *Ardemus Stewart,* for appellant.—The negligence of the defendant in maintaining a dangerous wire on the mule was the proximate cause of the accident: Hoag v. Lake Shore & Michigan Southern R. R. Co., 85 Pa. 293; Bunting v. Hogsett, 139 Pa. 363; Gudfelder v. Pittsburgh, Cincinnati & St. Louis Ry. Co., 207 Pa. 629; Pennsylvania R. R. Co. v. Hope, 80 Pa. 373; Ramsey v. Martin, 45 Pa. Superior Ct. 645; Wallace v. Keystone Automobile Co., 239 Pa. 110; Burrell Township v. Uncapher, 117 Pa. 353; Loughlin v. Pennsylvania R. R. Co., 240 Pa. 174; Wood v. Pennsylvania R. R. Co., 177 Pa. 306; Butterman v. McClintic-Marshall Construction Co., 206 Pa. 82; Miller v. Lewistown Electric Light Heat and Power Co., 212 Pa. 593.

*A. D. Wiler,* for appellee.—The negligence of the boss spinner, which was not complained of, was the proximate cause of the accident: Hoag v. Lake Shore & Mich. So. R. R. Co., 85 Pa. 293; Bunting v. Hogsett, 139 Pa. 363; Gudfelder v. Pittsburgh, Cincinnati, Etc., Ry. Co., 207 Pa. 629; Pennsylvania R. R. Co. v. Hope, 80 Pa. 373; Ramsey v. Martin, 45 Pa. Superior Ct. 645; Wallace v. Keystone Automobile Co., 239 Pa. 110; Loughlin v. Pennsylvania R. R. Co., 240 Pa. 174; Burrell Township v. Uncapher, 117 Pa. 353; Golien v. Coal Co., 54 Pa. Superior Ct. 299.

OPINION BY MR. JUSTICE POTTER, May 4, 1914:

In this action plaintiff sought to recover damages for the loss of an eye. He was employed by the defendant company as a spinner. It appears that in connection with the spinning machinery, a wire was used, known as a faller wire, which was fastened at one end of the spinning mule and ran through fingers placed about three feet apart. The plaintiff testified that on the day of the accident he went to the third floor to assist a machinist and the boss spinner to make some repairs. His statement as to the manner in which the accident occurred is as follows: "I was down on my knees reaming out collars, and the machinist was standing along side of me, and he was helping me—he was telling me what to do, and so just as he looked around and said 'This wire is in my way—cut it and get it out of the road.' Mr. Gilbert said, 'I will soon fix that'; and he said, 'Booth grab the wire.' I dropped the reamer and was just about to grab the wire, when it flew up and hit me in the eye." He also testified that the machinist was the particular boss of the job in which they were engaged, at the time of the accident. The right to recover here, was based upon the proposition that the wire furnished was not the kind in general use. Fault was found with it upon the ground that it was too hard, and was more dangerous on that account in case of a break owing to its greater tendency to fly. It was suggested that a softer wire would not be so apt to cause injury by flying in case of a break. The court below in entering judgment non obstante veredicto admitted that it might be, that defendant should be held to have foreseen that the use of a hard wire might entail injury when in the ordinary course of the work it became necessary to cut it, but that in this case the injury did not result from an ordinary or usual succession of events. The facts were not in dispute, and but one conclusion as to the cause of the injury could reasonably be drawn from them; it therefore became the duty of the court to determine whether or not the injury was a nat-

ural or proximate consequence, which could fairly have been anticipated by the defendant, as likely to follow from the use of the wire. Admittedly the wire did not break in the ordinary course of the work, nor was it cut in order to be replaced by a new one. The accident did not occur in the use of the machinery, but it happened while repairs were being made, and was the result of too hasty action upon the part of the boss spinner, in cutting the wire after requesting the plaintiff to hold it, but without waiting for him to get the wire within his grasp. The men were not at the time working with the wire, but were engaged in repairing the machinery and found while so engaged, that the wire obstructed them in their work. The machinist therefore directed the wire to be cut. The boss spinner carried out the direction, and told the plaintiff to take hold of the wire, evidently to prevent the end from flying. It is also apparent from the evidence that plaintiff was not given sufficient time to grasp the wire, and that the boss spinner cut it before the plaintiff succeeded in seizing it. The direct and proximate cause of the accident was therefore the negligence of the boss spinner, in failing to give the plaintiff time to carry out the direction given to him before making the cut. For this reason judgment was properly entered for the defendant, non obstante veredicto. We think the court below was clearly right in its conclusion that the character of the wire which was used was not to be considered as the proximate cause of the accident. Nor do we find anything in the testimony which can fairly be regarded as indicating beforehand, that the making of the repairs would necessarily involve any interference with the wire. As it turned out, it was discovered that the wire obstructed the work of the machinist; and to get it out of the way, the boss spinner having asked the plaintiff to hold it, promptly proceeded to cut the wire without giving him time to seize it. The accident therefore resulted directly, not from the presence or character of the wire, but from the manner of its

removal.  We do not see that the court below could have properly reached any other conclusion than that which it did.

The assignment of error is overruled and the judgment is affirmed.